UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILONA BOBAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 05-CV-1515-B |
| | § | |
| D LUX MOVERS AND STORAGE, INC., | § | |
| BENNO LUX, and DAVID LEE LUX, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

The following motions are before the Court: (1) Defendants' Motion to Dismiss (doc. 2), filed August 2, 2005; and 2) Plaintiff's Motion for Leave to File Amended Complaint ("Motion to Amend") (doc. 5), filed September 9, 2005. For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss in part and DENIES Plaintiff's Motion to Amend, with leave to re-plead a proper claim under the Carmack Amendment.

### I. Factual and Procedural Background

Defendant D Lux Movers and Storage, Inc. ("D Lux") is an interstate motor carrier of household goods and personal property. (Def.'s Mot. Dismiss at 1). Plaintiff Ilona Bobak ("Bobak") arranged with D Lux to transport her household goods from Texas to California for a price of $5,200. (Pl.'s Orig. Pet. at ¶ 7). Bobak alleges that several of her personal items arrived in California in severely damaged condition while others did not arrive at all. (*Id.* at ¶ 19). On July 1, 2005, Bobak filed suit against D Lux and two of its agents, Benno Lux and David Lee Lux, asserting state statutory and common law claims for negligence, breach of contract, misrepresentation, violations of the Texas

1

Deceptive Trade Practices Act ("DTPA"), conversion, unconscionable conduct, and breach of warranty. (*See generally* Pl.'s Orig. Pet.). On August 2, 2005, Defendants moved to dismiss all of Bobak's claims against D Lux on the ground that they are preempted by the Carmack Amendment, and they moved to dismiss the claims against the individual defendants on the ground that, pursuant to federal statute, D Lux alone is responsible for the acts of its agents.

On September 9, 2005, Bobak filed a response to Defendants' Motion to Dismiss in which she stated that she "agrees with Defendants' reading of the law and as a result has filed a Motion for Leave to Amend Plaintiff's Petition, in order to restate her causes of action under the Carmack Amendment and to dismiss Defendants Benno Lux and David Lee Lux." (Pl.'s Resp. Brief at 3). Plaintiff's proposed First Amended Original Complaint, however, asserts many of the same state law causes of action originally asserted in her state court petition, including those for negligence, gross negligence, and breach of contract. In its response to Bobak's Motion to Amend, D Lux once again argues that all of Bobak's claims should be dismissed because they are preempted by the Carmack Amendment.

## II. Analysis

Motions to dismiss are disfavored and rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court liberally construes the complaint in the plaintiff's favor, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Unless it appears beyond doubt that the plaintiff cannot prove any set of facts entitling it to relief, the complaint should not be dismissed. *Conley v. Gibson*, 355 U.S. 42, 45 (1957).

The Carmack Amendment to the Interstate Commerce Act allows for recovery for the actual

loss or damage to property caused by an interstate carrier that shipped the goods. 49 U.S.C. § 14706; *Ferrostaal, Inc. v. Seale*, 170 F.Supp.2d 705, 707 (E.D. Tex. 2001). The Fifth Circuit has held that the Carmack Amendment has sweeping preemptive force, stating that "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*." *Hoskins v. Bekins Van Lines, LLC*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis in original); *see also Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993) (finding that Carmack Amendment preempted state law claims for, among others, intentional infliction of emotional distress, DTPA violations, slander, misrepresentation, fraud, negligence, and gross negligence); *Mayflower Transit, Inc. v. Weil, Gotshal & Manges, L.L.P.*, 2000 WL 34479959, at *2 (N.D. Tex. Oct. 18, 2000) ("Consistent with the other circuits, the Fifth Circuit has also interpreted the Carmack Amendment as preemptive of any state law claims.").

Because all of the state law claims asserted in Plaintiff's Original Petition arise out of the shipment of goods by an interstate carrier, the Court finds that they are preempted by the Carmack Amendment. Bobak appears to concede as much in her response to Defendant's Motion to Dismiss; the Court is therefore perplexed why the proposed amended complaint Bobak now seeks to file asserts many of the same state law claims that are contained in her original state court petition. (*See e.g.* Proposed First Am. Compl. at ¶¶ 17-19 (gross negligence); ¶ 18 (unfair or deceptive acts); ¶¶ 28-30 (negligence); ¶¶ 22-27 (breach of contract); ¶¶ 20-21 (attorney's fees under Texas law). Bobak offers no argument or authority why those particular claims are not preempted.

### III.  Conclusion

The Court GRANTS Defendants' Motion to Dismiss to the extent that all of Bobak's state

3

law claims arising from D Lux's interstate carriage of Bobak's household goods are DISMISSED with prejudice. Bobak's motion to file an amended complaint asserting preempted state law claims is DENIED; however, the Court will allow Bobak to file an amended complaint asserting a proper claim under the Carmack Amendment **within 10 days** of the date of this order.

    **SO ORDERED.**

    **SIGNED November 23rd , 2005**

                                **JANE J. BOYLE**
                                **UNITED STATES DISTRICT JUDGE**